UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA P. AMARO, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 CV 4335 |
| ) | |
| v. ) | |
| ) | Judge Zagel |
| CHARLES E. DAREN and CENTRAL ) | |
| HAULING COMPANY, a foreign corporation, ) | Magistrate Judge Denlow |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER TO COMPLAINT

NOW COME the Defendants, CHARLES E. DAREN and CENTRAL HAULING COMPANY, a foreign corporation, by their attorneys, Carlton D. Fisher and Megan L. Segura of Hinshaw & Culbertson LLP, and for their Answer to the Plaintiff's Complaint at Law, they state as follows:

### COUNT I
### CHARLES E. DAREN

1. On or about May 19, 2006 at approximately 6:30 a.m., the plaintiff, Maria P. Amaro, owned and was operating a 1998 Ford Explorer, which was traveling eastbound on 31st Street at or near the intersection of Kedzie Avenue, City of Chicago, State of Illinois.

**ANSWER:** Admitted.

2. At the aforementioned time and place, the Defendant, Charles E. Daren, was operating a tractor-semi trailer, which was traveling northbound on Kedzie Avenue at or near the intersection of 31st Street, City of Chicago, County of Cook, State of Illinois.

**ANSWER:** Admitted in part and denied in part; Charles Daren admits that he was driving northbound on Kedzie Avenue and was in the process of making a right hand turn to go eastbound on 31st Street; he denies the remaining allegations of paragraph 2.

3. At the aforementioned time and place, the defendant, Charles E. Daren, carelessly and negligently operated his vehicle, such that he disregarded plaintiffs' vehicle, while attempting to make a right turn thereby striking plaintiff's vehicle causing the collision with plaintiff's automobile.

**ANSWER:**   Denied.

4. At the aforementioned time and place, it was the duty of the defendant, Charles E. Daren, to exercise ordinary care in the operation and/or control of his vehicle so as not to cause injury and/or damages to others, including plaintiff.

**ANSWER:**   Denied.

5. At the aforementioned time and place, the defendant, Charles E. Daren, was negligent in one or more of the following ways:

    a. Improperly made a right-hand turn without having first ascertained that such movement could be made with safety, in violation of 625 ILCS 5/111-709;

    b. Failing to decrease speed to avoid a collision, in violation of 625 ILCS 5/11-601(a);

    c. Driving at a speed greater than was reasonable and proper with regard to traffic conditions and the use of the street, in violation of 625 ILCS 5/11-601(a);

    d. Failing to yield the right-of-way to plaintiff's vehicle, in violation of 625 ILCS 5/11-901;

    e. Failing to give audible warning with his horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

    f. Driving a vehicle in willful and wanton disregard for the safety of persons or property, in violation of 635 ILCS 5/11-503;

    g. Failed to make a proper right turn lane in violation of 625 ILCS 5/11-801;

    h. Failed to make a proper right turn lane in violatin of 625 ILCS 5/11-804;

    i. Failing to keep a proper lookout so as to avoid an accident;

    j. Failing to keep his vehicle under proper control; and

6337793v1 53587

      k.      Was otherwise negligent.

**ANSWER:**   The defendant denies each and every allegation and sub-allegation of paragraph 5.

6.      As a result of the facts set forth in this Count I of this Complaint at Law, the defendant, Charles E. Daren, owed a duty to the plaintiff, Maria P. Amaro, to act with reasonable care. This duty was breached by defendant, Danielle M. Defrancis, which breach proximately caused plaintiff's injuries.

**ANSWER:**   Denied.

7.      As a proximate result of one or more of the aforesaid negligent acts or omissions of the defendant. Charles E. Daren, the plaintiff was injured and has suffered and will continue to suffer bodily pain, and has spent and will continue to expend sums of money endeavoring to cure herself of said injuries.

**ANSWER:**   Denied.

8.      As a proximate result of one or more of the aforesaid negligent acts or omissions of the defendant, Charles E. Daren, the plaintiff has incurred lost wages.

**ANSWER:**   Denied.

9.      As a proximate result of one or more of the aforesaid negligent acts of omissons of the defendant, Charles E. Daren, the plaintiff has endured pain and suffering and has been impaired in her ability to enjoy life.

**ANSWER:**   Denied.

WHEREFORE, the Defendant, Charles E. Daren, denies that the Plaintiff, Maria Amaro, is entitled to judgment against him in any amount.

6337793v1 53587

## COUNT II
## CENTRAL HAULING COMPANY

1. On or about May 19, 2006 at approximately 6:30 a.m., the plaintiff, Maria P. Amaro, owned and was operating a 1998 Ford Explorer, which was traveling eastbound on 31st Street at or near the intersection of Kedzie Avenue, City of Chicago, State of Illinois.

**ANSWER:** Admitted.

2. At the aforementioned time and place, the Defendant, Charles E. Daren, was operating a tractor-semi trailer, which was traveling northbound on Kedzie Avenue at or near the intersection of 31st Street, City of Chicago, County of Cook, State of Illinois.

**ANSWER:** Admitted in part and denied in part; the defendant, Central Hauling Company, admits that Charles Daren was traveling north on Kedzie Avenue and was in the process of making a right hand turn to go eastbound on 31st Street; further answering, this defendant denies the remaining allegations of paragraph 2.

3. At the aforementioned time and place, the defendant, Charles E. Daren, carelessly and negligently operated his vehicle, such that he disregarded plaintiffs' vehicle, while attempting to make a right turn thereby striking plaintiff's vehicle causing the collision with plaintiff's automobile.

**ANSWER:** Denied.

4. At the aforementioned time and place, it was the duty of the defendant, Charles E. Daren, to exercise ordinary care in the operation and/or control of his vehicle so as not to cause injury and/or damages to others, including plaintiff.

**ANSWER:** Denied.

5. At the aforementioned time and place, the defendant, Charles E. Daren, was negligent in one or more of the following ways:

4

      a.    Improperly made a right-hand turn without having first ascertained that such movement could be made with safety, in violation of 625 ILCS 5/111-709;

      b.    Failing to decrease speed to avoid a collision, in violation of 625 ILCS 5/11-601(a);

      c.    Driving at a speed greater than was reasonable and proper with regard to traffic conditions and the use of the street, in violation of 625 ILCS 5/11-601(a);

      d.    Failing to yield the right-of-way to plaintiff's vehicle, in violation of 625 ILCS 5/11-901;

      e.    Failing to give audible warning with his horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

      f.    Driving a vehicle in willful and wanton disregard for the safety of persons or property, in violation of 635 ILCS 5/11-503;

      g.    Failed to make a proper right turn lane in violation of 625 ILCS 5/11-801;

      h.    Failed to make a proper right turn lane in violatin of 625 ILCS 5/11-804;

      i.    Failing to keep a proper lookout so as to avoid an accident;

      j.    Failing to keep his vehicle under proper control; and

      k.    Was otherwise negligent.

**ANSWER:**    The defendant denies each and every allegation and sub-allegation of paragraph 5.

6.    As a result of the facts set forth in this Count I of this Complaint at Law, the defendant, Charles E. Daren, owed a duty to the plaintiff, Maria P. Amaro, to act with reasonable care. This duty was breached by defendant, Danielle M. Defrancis, which breach proximately caused plaintiff's injuries.

**ANSWER:**    Denied.

7.    As a proximate result of one or more of the aforesaid negligent acts or omissions of the defendant. Charles E. Daren, the plaintiff was injured and has suffered and will continue to

suffer bodily pain, and has spent and will continue to expend sums of money endeavoring to cure herself of said injuries.

**ANSWER:**    Denied.

8.    As a proximate result of one or more of the aforesaid negligent acts or omissions of the defendant, Charles E. Daren, the plaintiff has incurred lost wages.

**ANSWER:**    Denied.

9.    As a proximate result of one or more of the aforesaid negligent acts of omissons of the defendant, Charles E. Daren, the plaintiff has endured pain and suffering and has been impaired in her ability to enjoy life.

**ANSWER:**    Denied.

10.    That at said time and place, the defendant, Central Hauling Company, a foreign corporation, owned a certain tractor-semi trailer with Texas license plate number R8MH06, which was traveling eastbound on 31st Street at or near the intersection of Kedzie Avenue, City of Chicago, State of Illinois, or as otherwise stated throughout this Complaint.

**ANSWER:**    The defendant, Central Hauling Company denies that it owned a tractor with license plate R8MH06 which was being operated by Charles Daren.  Further answering, it denies the remaining allegations of paragraph 10.

11.    That at the time of the alleged occurrence, the driver of said vehicle, Charles E. Daren, was an agent of Central Hauling Company.

**ANSWER:**    This defendant denies the allegations of paragraph 11.

WHEREFORE, the Defendant, Central Hauling Company, denies that the Plaintiff, Maria Amaro, is entitled to judgment against it in any amount.

## AFFIRMATIVE DEFENSES

In the alternative, in the event that the defendants are found liable to the plaintiff, then they plead the following affirmative defenses:

### CONTRIBUTORY NEGLIGENCE

1. The plaintiff, Maria Amaro, failed to keep a proper lookout and failed to yield the right-of-way to the vehicle driven by Charles Daren. Her failure to keep a proper lookout and failure to yield the right-of-way constitutes contributory negligence such that her recovery, if any, against the defendants should be barred if it is greater than 50% or reduced if it is 50% or less.

### FAILURE TO MITIGATE DAMAGES

2. The plaintiff, Maria Amaro, failed to mitigate her damages in that she has failed to seek appropriate medical attention for her claimed injuries.

**Defendants Demand Trial by Jury.**


HINSHAW & CULBERTSON LLP


By: *s/ Carlton Fisher*
One of the Attorneys for Defendants, Charles
E. Daren and Central Hauling Company

Carlton D. Fisher
Megan L. Segura
HINSHAW & CULBERTSON LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
Firm No. 90384

6337793v1 53587

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing **Defendants' Answer to Complaint** to be served on **August 6, 2008,** via U.S. Mail and/or facsimile on the following non-CM/ECF participants:

Federico M. Rodriguez, Esq.
Rodriguez, Strohmeier, LLC
234 S. Ashland Avenue
Chicago, Illinois 60607


s/ *Carlton Fisher*
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Telephone: (312) 704-3563
Facsimile: (312) 704-3001